UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
STACIE BROWN,                                                :
:
                           Plaintiff,                :       11 Civ. 2006 (KBF)
:
           -v-                                              :       MEMORANDUM OPINION
:       & ORDER
ANNE POMPONIO and CARLOS RODRIGUEZ, :
:
                         Defendants.           :
:
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 12 2012

KATHERINE B. FORREST, District Judge:

    *Pro se* plaintiff Stacie Brown commenced this action on March 18, 2011, and on April 21, 2011, the Pro Se Office mailed plaintiff a service package. On August 17, 2011, plaintiff requested a 60-day extension to serve defendants with the complaint because she needed time "to determine which law firm would be the most appropriate to represent" her. The Court granted plaintiff a 30-day extension and encouraged plaintiff to contact the Pro Se Office for assistance. On October 31, 2011, having received no indication that service of the complaint was effected within 30 days, the Court issued an order to show cause why this case should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. In response to the Court's order, plaintiff requested an additional extension due to medical issues. On November 7, 2011, the Court granted "one final 60-day extension" to serve defendants by January 9, 2012. The Court is now in receipt of a letter from plaintiff, dated January 2, 2012, but received January 10, 2012, requesting an extension of 5 months to serve defendants "in order to complete [settlement] negotiations."

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve its summons and complaint on all defendants within 120 days of filing the complaint. The Court may extend the time to serve based upon a showing of good cause or may, in its discretion, extend the time even in the absence of good cause. Fed. R. Civ. P. 4(m); Henderson v. U.S., 517 U.S. 654, 662 (1996). Good cause is "generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." Sleigh v. Charlex, Inc. No. 03 Civ. 1369 (MBM), 2004 WL 2126742, at *5 (S.D.N.Y. Sept. 14, 2004). Plaintiff does not state any circumstance beyond her control in her January 2 letter to the Court. Plaintiff's excuse for the delay--i.e., the desire to pursue settlement negotiations--is insufficient. Service and settlement negotiations are not mutually exclusive.

As a result, the time to serve the summons and complaint will not be extended. There has not been a showing of good cause.

The Court will also not exercise its discretion to extend the time to serve. "Courts have not generally excused a *pro se* plaintiff's failure to serve when there has been no attempt whatsoever to serve defendants." Sleigh, 2004 WL 2126742, at *5. Plaintiff has given no indication to the Court that she has ever even attempted to serve defendant. Nearly ten months have elapsed since plaintiff filed her action, yet plaintiff has not informed the Court of any affirmative steps she has taken to serve defendant. As the Court stated on November 7, 2011, the last extension was the "final" extension this Court would give without good cause. Accordingly, dismissal is now warranted for a failure to serve and prosecute this matter.

For the reasons set forth above, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the case is dismissed. The Clerk of the Court is directed to close this case and mail this Memorandum Opinion and Order to plaintiff Stacie Brown at 219 East 2nd Street, Apt. 2a, New York, New York 10009.

SO ORDERED:

Dated: New York, New York
January 12, 2012

_____
KATHERINE B. FORREST
United States District Judge